UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAPERA ALBERT CHIWOCHA,
SR., et al.,

    Defendants.
_____/

Hon. Paul L. Maloney

Case No. 1:16-cr-0018-PLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RUQAYYA AIDA ABDUL-HAKIM,
et al.,

    Defendants.
_____/

Hon. Robert J. Jonker

Case No. 1:15-cr-0128-RJJ

**FINDINGS AND RECOMMENDATION REGARDING RELATED CASES**

On January 27, 2016, a grand jury returned the indictment in *United States v. Tapera Albert Chiwocha, Sr., et al.*, charging two defendants with, among other things, conspiracy to defraud the United States through the filing of false tax returns, in violation of 18 U.S.C. § 286. (Case No. 1:16-cr-0018, ECF No. 7). In an earlier case, *United States v. Ruqayya Aida Abdul-Hakim*, a grand jury indicted five defendants with making false claims against the United States through the filing of false tax

returns, in violation of 18 U.S.C. § 2876. (Case No. 1:15-cr-0128, ECF No. 4). The *Chiwocha* case is pending before Judge Paul L. Maloney, and the earlier *Abdul-Hakim* case is pending before Chief Judge Robert J. Jonker.

This matter was referred to me for the purpose of making a determination of whether the two referenced cases are related pursuant to Western District of Michigan Local Criminal Rule 56.5(d)(iii). On March 17, 2016, I issued an order in each of the above-styled cases requiring the government to file a notice providing the Court with sufficient information to make an assessment regarding the potential relatedness of cases 1:16-cr-0018-PLM and 1:15-cr-128-RJJ, using the standard outlined in Local Criminal Rule 56.5(d)(iii)(A)(5). (Case No. 1:15-cr-0128, ECF No. 132; Case No. 16-cr-0018, ECF No. 40). That standard is whether the cases "are based upon a substantial common nucleus of facts, events, or transactions." W.D. LCRR 56.5(d)(iii)(A)(5).

On March 21, 2016, the government filed its notice regarding the potentially-related cases, in response to the March 17 order. (Case No. 1:15-cr-0128, ECF No. 136; Case No. 16-cr-0018, ECF No. 41). In its three-page discussion, the government provides a factual basis in support of its contention that the two cases share a substantial common nucleus of facts, events or transactions. (*See* Case No. 1:15-cr-0128, ECF No. 136, PageID.566-68; Case No. 16-cr-0018, ECF No. 41, PageID.113-15). Having reviewed the indictments in each of these cases, as well as the facts set out in the government's notice, I find that the two cases are substantially related such that judicial economy would be achieved by the assignment of both cases to the same district judge. I must now make a recommendation regarding judicial reassignment.

The government notes that these cases are also related to two others. One is a civil forfeiture action: *United States v. $77,773.46 in Funds from Citizens Bank Account #4536135256, et al.*, Case No. 1:12-cv-495 (Judge Paul L. Maloney); the other is a criminal case involving a single defendant who has already pled guilty and been sentenced: *United States v. Taka Chiwocha-Crowell*, Case No. 1:14-cr-0076 (Judge Robert Holmes Bell). The government suggests that the most recent criminal case, No. 1:16-cr-0018, which is pending before Judge Maloney, is an "appropriate candidate for consolidation" of the two pending criminal cases under the recently-revised related case rule, because Judge Maloney is the presiding judge in the earliest of all cases, the 2012 civil forfeiture action. (Case No. 1:15-cr-0128, ECF No. 136, PageID.567; Case No. 16-cr-0018, ECF No. 41, PageID.114). I disagree.

First, the context in which the related case rule is found suggests that the Court anticipated, if not intended, that any putatively-related case would be criminal. The related case rule constitutes one of the exceptions to the random assignment of *criminal* cases. *See* W.D. LCRR 56.5 (assignment of "[n]ew criminal cases"). There is nothing in the entirety of Rule 56.5 to suggest that a civil case should be considered related for purposes of the assignment of a judge to a criminal case.

Second, while there may be an exceptional situation in which it would be appropriate to consider assigning a criminal case to a judge presiding over a factually-related civil case, this is not it. A review of the docket in the civil forfeiture case reveals nothing to suggest that Judge Maloney has developed substantial knowledge of the facts in the criminal cases now pending in this Court. Moreover, Judge Maloney

has twice stayed the civil action due to the pendency of the criminal prosecutions. (*See* Orders, Case No. 1:12-cv-0495, ECF No. 39, 42). Accordingly, I can discern no appreciable judicial efficiency to be gained by assigning the pending related criminal cases to Judge Maloney simply because he is presiding over the civil forfeiture action.

Instead, I recommend that the Chief Judge consider reassigning the later filed criminal case, *United States v. Tapera Albert Chiwocha, Sr., et al.*, No. 1:16-cr-0018 (Judge Maloney), to himself, the presiding judge in the earlier-filed criminal case, *United States v. Ruqayya Aida Abdul-Hakim,* No. 1:15-cr-0128. *See* W.D. LCRR 56.5(d)(iii)(B).

Done this 22nd day of March, 2016

    /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge